[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS AND REQUEST FOR TEMPORARY MANDATORY INJUNCTION (DOCKET ENTRIES NOS. 102 106)
The plaintiff seeks a temporary mandatory injunction restraining the defendant and ordering the defendant to cease and desist from utilizing members of the Local 834 bargaining unit as members of the management's negotiating team until a final adjudication of unfair practice complaints by the Connecticut State Board of Labor Relations.
The defendant filed a motion to dismiss the plaintiff's action on the ground that the plaintiff failed to exhaust its administrative remedies by not raising these issues before the State Board of Mediation and Arbitration. This motion is denied. Whether acting deputy chiefs who are members of union can voluntarily sit on management's side of the bargaining table has been raised before the State Board of Mediation and Arbitration. As the defendant states in its brief, when the plaintiff raised the issue before the arbitration panel of the State Board of Mediation and Arbitration, it was informed by the panel that it would have to seek resolution of the issue in a different forum. (Defendant's Posttrial Brief, pp. 2-3.) Therefore, the defendant's argument that the plaintiff failed to exhaust its administrative remedies by neglecting to present this issue to the arbitration panel is without merit.[1] Moreover, the plaintiff is not required to exhaust a remedy that is futile or inadequate. CT Page 11081
The plaintiff's request for a mandatory temporary injunction is granted. The mere presence of union members on the management side of the table has the potential to create a situation where an employer can dominate the union at the bargaining table by pitting union members against their fellow members. See City ofStamford v. Stamford Police Association, Connecticut State Board of Labor Relations, Case No. MPP-2326, Decision No. 1079 (July 27, 1972); Nassau Suffolk Contractors Association, 118 NLRB 174 (1957). Allowing union members to assist management during negotiations also has the tendency to create divided loyalties and conflicting interests for those union members assisting management, even when, as here, the decision to do so is voluntary. Id. Thus, while the court recognizes that the city has not compelled union members to assist it, the court also feels that such an arrangement, on its face, compromises the integrity of the bargaining process. Even Smokey the Bear knows that the appearance of smoke suggests the presence of fire. In addition, the voluntariness of the arrangement is questionable, given the fact that the acting deputies who would be asked to assist management are serving at the pleasure of the fire chief.
For these reasons, the plaintiff's request for a temporary mandatory injunction is granted.
SKOLNICK, J.